IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDON FAVOR,**<br><br>                      Petitioner,<br><br>v.<br><br>**PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>                      Respondent. | Case No. 1:16-cv-01922 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

      Brandon Alexander Favor (aka Brandon Favor-El) is a state prisoner confined at California Correctional Institution, Tehachapi, California. On December 27, 2016, Favor filed, pro se, what purports to be a petition for writ of habeas corpus (28 U.S.C. § 2254) on behalf of another inmate, Boydd Irving.

      Favor is well known to this court. Since 2013, he has filed at least sixteen habeas petitions and seven § 1983 complaints in the Eastern District of California as well as filing additional petitions and complaints in the Central and Southern Districts of California. See Dickerson v. Vasquez, E.D. Cal. Case No. 1:16-cv-01889-DAD-SKO, ECF No. 10.)

1

**I.      Background**

As with the complaints and petitions Favor has filed on his own behalf, the instant Petition is rambling, incoherent, and fails to state any cognizable claim for relief under federal habeas corpus law. See Rule 4 of the Rules Governing Section 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The heading includes the name of the "Cochran Law Firm," an actual law firm doing business in Los Angeles, California, and nationwide. Instead of naming an attorney and specifying his or her bar number, the filer is indicated as, "Favor-G60488-Legal Assistant." (Doc. No. 1 at 1.) "G60488" is the prisoner number assigned to Mr. Favor by the California Department of Corrections and Rehabilitation. In addition to listing himself as a paralegal and/or legal assistant, Favor lists Boydd Irving as a Petitioner, but provides no explanation as how or why Petitioner, who is not an attorney licensed to practice law in California, believes he may present claims on behalf of Irving or anyone else..

One ground for relief is stated in the petition. (Doc. No. 1 at 3-4.) Ground one states:

> Non-statutory Relief: Petitioner herein on behalf of Mr. Boydd Irving expressed legal concerns fuelled under uncontempt progresses where either failure or denial set forth legal response, however, the act sought in its relief soundly describes an assault or physical dismay. Mr. Boydd other issues rather than direct innocence, its voidance may have resulted within plea agreement as other issues addressed including penal conditions may have possessed relief under discussions. Mr. Boydd suffers under conviction or sentence innocently where relief provided may not reasonable remain interpreted – petitioner seeks immediate relief and bond discharge if applicable, incident factors do not demonstrate innocence with Mr. Irving as expressly sought after. (Id.)

The facts allegedly supporting the claim are convoluted, illogical, essentially incoherent, and fail to identify any basis for the assertion of any cognizable federal habeas claim. The Petition does not provide sufficient information to enable the Court or any respondent to comprehend what Petitioner is attempting to assert. (Doc. No. 1.)

Petitioner also provides no information regarding attempts to exhaust this claim in state court. (Pet.)

2

**II. Discussion**

    **A. Screening Standard**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

As is the case, here, the Court may review the petition to determine if the allegations in a petition are vague, conclusory, palpably incredible, or patently frivolous or false. If so, summary dismissal is appropriate. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76, 97 S. Ct. 1621, 52

L. Ed. 2d 136 (1977)).

### B. Unauthorized Representation by a Non-Attorney

Favor, who is not an attorney, may not act on behalf of petitioner or any other party proceeding *pro se*. The privilege to proceed *pro se* is personal to the litigant and does not extend to other parties or entities acting on his behalf. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). "[A] non-attorney may appear only in her own behalf." Cato v. United States, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). Although a person who is not an attorney may appear pro se on his own behalf, see 28 U.S.C. § 1654, "he has no authority to appear as an attorney for others than himself." McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

Although the court may take judicial notice of the CDCR inmate directory, which reports that there is an inmate named Boydd Irving currently incarcerated by the California Department of Corrections and Rehabilitation, the petition provides no basis by which the Court may conclude that Favor filed the petition with Irving's knowledge or permission.

### C. Vague, Conclusory, Palpably Incredible, or Patently Frivolous or False Allegations

Summary dismissal is appropriate if the allegations in a petition are vague, conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Petitioner's claims are incoherent and deficient. (See, generally, Pet. at 3-4.) While Petitioner repeatedly uses terms including 'evidence,' 'claim,' and 'natural and probable consequence,' the Court is not able to discern what Petitioner is attempting to convey, and what errors or legal violations he is attempting to seek a remedy. The pending petition is "patently frivolous." Hendricks, 908 F.2d at 491; In re Hunter, 1995 U.S. Dist. LEXIS 6178, 1995 WL 261459, at *2 (N.D. Cal. 1995) (dismissing habeas petition because it is "a dense and impenetrable mass of verbiage").

Based on the foregoing, it is recommended that the case be summarily dismissed without prejudice for lack of jurisdiction.

4

### D. Failure to State a Cognizable Claim

28 U.S.C. 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." Title 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See also Rule 1 of the Rules Governing Section 2254 Cases.

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to § 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

The habeas petition filed in this case fails to state a cognizable claim for federal habeas relief. In addition to being vague, and filed on behalf of another inmate, it does not allege a violation of the Constitution or federal law, nor does it argue that the Petitioner is in custody in violation of the Constitution or federal law. While there is mention of newly discovered evidence and innocence, the petition provides no elaboration as to what the evidence is or how it supports a federal claim. The allegations contained in the petition are insufficient to state a cognizable claim for habeas relief.

### III. Order and Recommendation

Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave to amend. Further, the Court ORDERS the Clerk of Court to assign a District Court judge to the instant matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

1  (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   January 27, 2017                    /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE